UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RAUL FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-CV-122 JD |
| | ) | |
| ALLEN COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Raul Fuentes, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Fuentes alleges that on March 16, 2013, he was being transported from the Allen County Jail to a private medical facility by two jail officers. He claims that the officers failed to help him when he was walking down the steps of the van, and as a result he fell, breaking his

wrist and bruising his tail bone. He alleges that the officers were "irresponsible" in the execution of their duties, characterizing their conduct as "neglection", and seeks monetary damages for the injuries he suffered.

Because it appears Fuentes was a pretrial detainee when this incident occurred, the Fourteenth rather than the Eighth Amendment would apply. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.*

On the subjective prong, the inmate must show the defendant acted with deliberate indifference to his health or safety. *Id*. To be deliberate indifferent, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Incompetence, negligence, or even gross negligence do not suffice. *Ortiz v. Webster,* 655 F.3d 731, 736 (7th Cir. 2011); *see also McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

As a preliminary matter, the only defendant Fuentes names in the complaint is the jail itself. However, the jail is a building, not a person or even a policy-making body that can be sued for constitutional violations. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "[Section] 1983 applies only to a 'person' who acts under color of state law."). Accordingly, the jail is not a viable defendant. Giving the complaint liberal construction, Fuentes may have intended to name the two officers who transported him as defendants. However, he has not alleged a plausible deliberate indifference claim against these individuals. At most, he alleges that the officers were negligent in failing to help him down the stairs, and negligence—even gross negligence—does not give rise to a constitutional claim. *Ortiz,* 655 F.3d at 736*; see also French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) ("[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution.").

While the incident Fuentes describes is unfortunate, based on the above, he has not alleged a plausible constitutional claim against any defendant. To the extent he was trying to raise a claim for negligence under state law, this opinion does not purport to adjudicate any such claim. The court will dismiss any state law claims contained in the complaint without prejudice should Fuentes wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

For these reasons, the federal claims contained in the complaint (DE 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A. Any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

SO ORDERED.

ENTERED: May 28, 2014

      /s/ JON E. DEGUILIO
Judge
United States District Court